**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| KIRUBEL S.,<br><br>Petitioner,<br><br>v.<br><br>THE WARDEN; ICE AFOD; ATTORNEY GENERAL; and ICE DIRECTOR,<br><br>Respondents. | Case No. 26-CV-3660 (NEB/ECW)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Kirubel S. is subject to a removal order that recently has become administratively final. He is currently in detention awaiting removal from the United States. In the petition for a writ of habeas corpus now before the Court, Kirubel S. alleges that the removal proceedings were conducted in a manner that violated his due process rights. Kirubel S. also alleges that, should he be removed from the United States, he is likely to be persecuted due to his religious beliefs. Kirubel S. asks that the removal order be vacated or stayed and that he be released from detention.

The Court has conducted a preliminary review of the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon review, the Court concludes that the habeas petition mostly raises claims over which federal district courts lack jurisdiction. With respect to the lone aspect of the petition over which the Court does have jurisdiction, Kirubel S. has not presented a colorable claim

[1] The habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may still be applied to the petition. *See* Rule 1(b).

that he is entitled to habeas corpus relief. Accordingly, the habeas petition will be denied and this matter dismissed.

The habeas petition and accompanying documents can be fairly characterized as raising two sets of claims. The first set of claims attacks the removal process itself. Kirubel S. believes that he should not be removed from the United States because he fears for his safety in his home country and because he believes that he was denied a fair opportunity to litigate his arguments during the removal proceedings. The remedy that Kirubel S. seeks with respect to these claims is for the final order of removal entered in his case to be vacated or, at a minimum, not executed while the issues that he wants to litigate are considered.

As to the first set of claims, the district court is not the appropriate venue. Congress has stripped district courts of any jurisdiction to review removal orders. *See* 8 U.S.C. § 1252(g). ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

Section 1252 does carve out exceptions where judicial relief is available to Kirubel S. with respect to claims arising out of removal proceedings. But that exception specifies that the courts of appeal "shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). In other words, after administrative proceedings have concluded, the person subject to the final order of removal must raise any objections with the appropriate court

of appeals. This simply is not the correct venue for litigating whether Kirubel S. should be removed or whether the removal proceedings were conducted in a lawful manner.

As to the second set of claims, a federal district court can review whether Kirubel S.'s detention is unlawful during the removal proceedings or after the removal proceedings have concluded. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 698 (2001).[2]

But Kirubel S. does not offer any reasons for finding that his detention is unlawful, apart from his more general arguments concerning the unlawfulness of the removal order. In fact, as Kirubel S. acknowledges, his ongoing detention is *mandatory* under 8 U.S.C. § 1231(a), as he remains within the removal period following the final order of removal in his case having become administratively final. *See* Motion for Temporary Restraining Order (ECF No. 3) at 1. During that removal period, Kirubel S.'s detention is mandatory. Kirubel S. therefore cannot challenge (at least for now, *see Zadvydas*, 533 U.S. at 701) the lawfulness of his mandatory detention without challenging the lawfulness of the final order of removal—which, again, he cannot do before this Court.

Accordingly, the habeas petition is denied and dismissed without prejudice. Because Kirubel S. cannot demonstrate any likelihood of success on the merits of any claim over which this Court has jurisdiction, his pending motion for a temporary restraining order and preliminary injunction are also denied. So is Kirubel S.'s motion to proceed *in forma pauperis* denied in light of the dismissal of this matter. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Finally, the Court has

---

[2] Whether a petitioner should be removed from the United States can be separated from whether the petitioner should be held in custody, § 1252(g) does not impede federal district courts from reviewing the lawfulness of detention while leaving untouched any issues related to the removal process itself.

considered Kirubel S.'s motion for appointment of counsel but concludes that appointment of counsel is unlikely to be of any benefit to him. Most of what Kirubel S. wants to litigate cannot be litigated here, and no claim related to the lawfulness of his detention that could be litigated in this venue appears to be available to him currently. The motion for appointment of counsel therefore is also denied.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The petition for a writ of habeas corpus of Petitioner Kirubel S. (ECF No. 1) DENIED and DISMISSED WITHOUT PREJUDICE;

2. Petitioner's application to proceed *in forma pauperis* (ECF No. 2) is DENIED;

3. Petitioner's motion for a temporary restraining order (ECF No. 3) is DENIED; and

4. Petitioner's motion for appointment of counsel (ECF No. 4) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 20, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge